UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALTON RAY FLEMING,

        Plaintiff,

v.                                  Case No. 5:16-cv-416-Oc-10PRL

D. LAWRIE,

        Defendant.
_____

## ORDER

Plaintiff, a state inmate acting *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Defendants Vivian Mesa and the Secretary of the Florida Department of Corrections previously moved to dismiss the case against them, and the motions were granted December 28, 2016. (Docs. 21, 22, 35.) The only remaining defendant, Daniel Lawrie, has moved for summary judgment. (Doc. 39; Doc. 40, Summary Judgment Notice to Plaintiff.) Plaintiff has filed a response and affidavit in opposition. (Doc. 43.) The motion is due to be granted.

## Plaintiff's Complaint

Plaintiff alleges that on July 14, 2014, he was assigned to work as a cook at Lake Correctional Institution. Plaintiff immediately reported to Defendant Lawrie, Food Services Director, that the grill was damaged, but no action was taken.

Plaintiff states that the grill "had its top surface bent in the center, which allowed grease to puddle up and stand on the top-center surface of the grill creating a hazard. Not allowing the grease to drain off into a drain pain . . ." (Doc. 1, p. 5.) Plaintiff continued to cook on the grill approximately 16 hours per week until April 6, 2015, when he sustained a second-degree burn to his two left fingers as result of the grease pooling on the grill. According to Plaintiff, "[t]he physical injury caused permanent skin loss to the plaintiff's lefthand finger next to his thumb, which is in the shape of an image of a devil. The plaintiff occasionally hears voices coming from the skin loss (devil) telling plaintiff to kill the food service director Mr. D. Lawrie, and those who makes fun of his existence." Plaintiff states he is receiving mental health treatment for these issues but was denied cosmetic surgery. (Id. at pp. 6-7.)

Plaintiff alleges that his Eighth Amendment rights were violated because he was forced to work in a hazardous environment and did not receive adequate medical care. (Id. at p. 4.) For relief, he seeks $15,000 in damages. (Id. at p. 8.)

## Standard of Review

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving

2

party. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In applying the standard for summary judgment, the Court must review all of the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact." Anderson, 477 U.S. at 249.

### Defendant's Motion for Summary Judgment

Defendant Lawrie moves for summary judgment, arguing that even viewing the facts in the light most favorable to Plaintiff: (1) Plaintiff has failed to establish a claim of deliberate indifference; (2) Defendant Lawrie is entitled to qualified immunity; (3) Plaintiff's injury is *de minimus* and therefore he is not entitled to damages; and, (4) the extent Plaintiff seeks injunctive relief for medical treatment against a non-party, such relief is not authorized. (Doc. 39.) In support of his motion, Defendant Lawrie has presented the following exhibits:

**1. Affidavit of Defendant Daniel Lawrie**

Defendant Lawrie attests that he has been Food Service Director at Lake C.I. since April 11, 2014. When he began his position, he inspected and examined all equipment, and based on his recommendations, the Florida Department of Corrections (FDOC) purchased nearly $130,000 in new equipment. There are two flat top grills in the Lake C.I. kitchen. One was replaced, and the one Plaintiff refers to in his complaint was not because it was not dangerous and functioned properly. He never received any complaints from inmates regarding the grill. There was a

minor depression on the top of the grill that did not pose a safety concern to inmates assigned to cook on the grill. State and local inspectors never noted any problems with the grill. Defendant Lawrie implemented a training policy to prevent injuries on the job. (Doc. 39, Exh. A.)

**2. Inspection Reports**

Inspection reports from the Lake County Health Department (January and August 2015) and the FDOC (August 2015) show no remarks concerning any problem with a grill. (Id., Comp. Exh. B.)

**3. Inmate Training Packet**

Training checklists and procedures used in food services. (Id., Exh. C.)

**4. Affidavit of Emma Holmes**

Emma Holmes, Assistant Supervisor in Food Service at Lake C.I., attests that she has been in that position since 2010 and never received any complaints about the grill until Plaintiff brought the present lawsuit. She does not recall any interactions with Plaintiff concerning the grill. (Id. at Exh. D.)

**5. Deposition Transcript Excerpt - Plaintiff's Deposition**

At his January 5, 2017, deposition in the present case, Plaintiff testified that he told Defendant Lawrie about the problems with the grill when he started cooking in July 2014. He described the issue as a dent in the top of the flat top grill where grease pooled. (Id. at Exh. E.)

### 6. Plaintiff's Medical Records

An April 6, 2015 document titled "Department of Corrections Office of Health Services Burn/Sunburn Protocol" states that Plaintiff burned his fingers in hot grease at approximately 7:30 a.m. that day. He finished his shift and went to medical at 11 a.m. The burn was a superficial second-degree burn to two fingers of his left hand. No other injuries were noted. Dressing was applied and a no work pass was issued. Plaintiff was instructed to return to medical the following day for a dressing change. He was permitted ibuprofen or acetametophin for pain. (Id. at Exh. F.)

### 7. Photographs of Plaintiff's hand taken Jan. 5, 2017

Two photographs depict Plaintiff's left hand. There appears to be some scarring and/or discoloration on the top of his index finger. (Id. at Exh. G.)

### 8. Affidavit of Jason Medina

FDOC Officer Jason Medina attests that the photos in Exhibit G are true and accurate copies of photos he took of Plaintiff on January 5, 2017. (Id. at Exh. H.)

### Plaintiff's Response in Opposition

Plaintiff disputes several of the factual assertions in Defendant's motion for summary judgment, and offers several exhibits in support of his request to deny summary judgment. (Doc. 43.)

### 1. Grievance Forms

Plaintiff's informal grievance to Defendant Lawrie states that he had previously

notified Assistant Supervisor Holmes that the grill (Model No. 72BLD) was damaged and dangerous but nothing was done, and he was injured while working. The grievance was denied on June 8, 2015, with a handwritten note (presumably from Defendant Lawrie) that stated: "As you know a 'new' grill was ordered and approved in Feb. 2015. Any burns you received are <u>not</u> due to a bent grill they are due to not pay attention to what you are doing as you work cooking on the grill." (Doc. 43, Exh. A, p. 1.) Plaintiff next filed a formal grievance with the Warden. The June 17, 2015 response from Defendant Lawrie stated that the grill does have a slight dent but it is not dangerous and that Plaintiff "was refused a job change" and "has now resorted to writing numerous grievances to myself and Ms. Hensley in an attempt to get his way and be removed from Food service." (<u>Id.</u> at p. 3.) Plaintiff's grievance appeal to the FDOC Secretary was denied. (<u>Id.</u> at p. 7.)

**2. Witness Statements**

Plaintiff presents several statements from other inmates. The statements are not notarized but are signed under penalty of perjury. Peter Walker formerly worked as cook at Lake C.I. and stated that he received several minor burns from the damaged grill, and in his 20 years of experience as a grill cook at restaurants, he knew the grill was damaged. (<u>Id.</u> at Exh. B, p. 8.) Clifford Rainey stated that he witnessed Plaintiff sustain the burn due to standing grease on the grill, which is a hazard. (<u>Id.</u> at p. 9.) Glenn Gaines, current cook at Lake C.I., stated that he has cooked on the damaged grill and received minor burns but did not report them. (<u>Id.</u>

6

at p. 10.)  Xavier Thomas stated that no inmate in the kitchen at Lake C.I. actually received any training but were threatened with disciplinary action if they did not sign papers stating that they did.  (Id. at p. 11.)

### 3.  Inspection Reports

Plaintiff submitted inspection reports identical to those submitted by Defendant.  (Id. at Exh. F.)

### 4.  Defendant Lawrie's Answers to Interrogatories

Defendant Lawrie completed the interrogatories on February 6, 2017, and answered, in relevant part, that he was "unaware of any grill/flat top related injuries" (Id. at Exh. G.)

## Discussion

### 1. Constitutional Violation

Plaintiff alleges that Defendant Lawrie acted in violation of the Eighth Amendment because he was deliberately indifferent to the danger the damaged grill posed to Plaintiff.[1]  (Docs. 1, 43.)  "In the work assignment context, prison officials are deliberately indifferent when they 'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or

---

[1] To the extent Plaintiff asserts a claim for deliberate indifference to his medical needs, he has failed to state a claim against the only remaining Defendant, Daniel Lawrie, as Defendant Lawrie was not responsible for, nor did he deny, Plaintiff medical treatment for the burn.  Furthermore, Plaintiff complains that he was denied "cosmetic surgery," which is not sufficient to state a medical indifference claim.  (Doc. 1); Estelle v. Gamble, 429 U.S. 97 (1976).

7

health, or which is unduly painful.'" Roberts v. Landrum, 2013 WL 6485308, at *6 (N.D. Fla. 2013) (quoting Lee v. Sikes, 870 F. Supp. 1096, 1100 (S.D. Ga. 1994) and Ray v. Mabry, 556 F. 2d 881, 882 (8th Cir. 1992)).[2] In this case, Plaintiff must show that Defendant Lawrie compelled Plaintiff to cook on the grill knowing that it was dangerous to his health.

Construing the evidence in the light most favorable to Plaintiff, there is a genuine issue of material fact was to whether Defendant Lawrie was aware that the grill was dangerous and forced Plaintiff to perform his work assignment knowing it was potentially injurious to Plaintiff.

Defendant Lawrie attests (Doc. 39, Exh. A, pp. 2-3) that the grill in question "presented no hazard or danger"; that he did not recall any interactions with Plaintiff regarding the grill; he was unaware of any grill/flat top related injuries or complaints in the kitchen prior to the present lawsuit; and he "first became aware of Plaintiff's

---

[2] The Court has not been able to locate, and neither party has presented, an opinion from the Eleventh Circuit Court of Appeals addressing an Eighth Amendment conditions of confinement claim in the prison work assignment context. Relevant cases include: Lee v. Sikes, 870 F. Supp. 1096 (S.D. Ga. 1994) (granting summary judgment for defendant where inmate plaintiff was injured by a boar while working on the prison hog farm); Buckley v. Barbour County, Ala., 624 F. Supp. 2d 1335 (M.D. Ala. 2008) (finding inmate stated a claim for deliberate indifference where supervisor forced him to use a chainsaw without training and he was severely injured); Gill v. Mooney, 824 F. 2d 192 (2d Cir. 1987) (finding inmate stated a claim when officer required him to continue working on a defective ladder after inmate informed him the ladder was unsafe); Brown v. Richmond County Corr. Inst., 2006 WL 1431488 (S.D. Ga. 2006) (mere failure to provide a helmet to inmate cutting tree limbs failed to state deliberate indifference claim); Johnson v. Calloway, 2017 WL 712635, at *5-6 (M.D. Ala. 2017) (no deliberate indifference claim for inmate injured operating meat grinder where machine was not hazardous and he only alleged failure to train and supervise).

injury when served with Plaintiff's lawsuit." (Id. at p. 3.)

However, grievance records submitted by Plaintiff show conflicting statements by Defendant Lawrie. An informal grievance to Defendant Lawrie with a June 8, 2015 response has a signature that resembles the signature on the affidavit in support of his motion for summary judgment. (Id.) Defendant Lawrie appears to have written that "a 'new' grill was ordered and approved in Feb 2015" and that Plaintiff's injury was due to his own carelessness. (Doc. 43, Exh. A, p. 1.) Defendant Lawrie's June 17, 2015 formal response states that the "grill in question does have a slight bend in its top and has for more than a year. The grill was bent before I began working at Lake CI in April of 2014. The bend is slight and does not pose any danger to any person cooking on the grill." (Id. at p. 3.) In both grievances to Defendant Lawrie, Plaintiff reported that he was injured (burned) because the grill was damaged.

### 2. Showing of Physical Injury

As to the extent of Plaintiff's injury, Defendant Lawrie does not contend that the injury was *de minimus* in the context of failing to sustain an Eighth Amendment claim, but rather that it was *de minimus* in the context of the physical injury requirement of the Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(e). Courts have come to different conclusions as to whether a second-degree burn constitutes a *de minimus* injury. See Walsberg v. Florida Dep't of Corr., 2011 WL 2420244, at *4 (N.D. Fla. 2011) (chemical burn from oven cleaner not serious

9

medical need); Pressley v. Green, 2004 WL 2978279, at *4 (S.D.N.Y. 2004) ("no reasonable jury could find that a few hour delay of medical treatment for a small second-degree burn raises the level of a minor injury to a serious medical condition."); Lane v. Bynum, 196 F.3d 1256 (5th Cir. 1999) (remanding Eighth Amendment claim, finding that burns which left blisters may be sufficient injury); Barry v. Felker, 2013 WL 4736840 (E.D. Cal. 2013) (finding Plaintiff's "injuries were not trivial, as he suffered second degree burns to his knees").

The Court need not decide whether Plaintiff's injury was *de minimus* because, as discussed below, Defendant Lawrie is entitled to qualified immunity.

### 3. Qualified Immunity

Defendant Lawrie raises the defense of qualified immunity. "Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008). "The defendant must first establish that he acted within the scope of his discretionary authority when the allegedly wrongful acts occurred. If he did . . . the burden shifts to the plaintiff to demonstrate that the defendant violated a constitutional right that was clearly established at the time." Wate v. Kubler, 839 F.3d 1012, 1018 (11th Cir. 2016). The two issues may be decided in either order. See Saucier v. Katz, 533 U.S. 194 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223, 234-36 (2009).

It is undisputed Defendant Lawrie was acting in the scope of his discretionary authority as Director of Food Service. In the present case, assuming a constitutional violation occurred – i.e., Defendant Lawrie was deliberately indifferent to the physical danger posed by the damaged grill and Plaintiff suffered a significant injury as a result – Plaintiff has not demonstrated that such a right was clearly established so that Defendant Lawrie had "fair warning" that his alleged actions were unconstitutional.

"'For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he was doing violates that right.' The specific action in question need not have been previously found unlawful, but 'in light of the pre-existing law the unlawfulness must be apparent.' The central question is whether the state of the law at the time of the violation gave the officials 'fair warning' that their alleged actions were unconstitutional." Jacoby v. Baldwin County, 835 F.3d 1338, 1344 (11th Cir. 2016) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). "In this [C]ircuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 826, n. 4 (11th Cir. 1997).

Plaintiff has not provided, nor could the Court locate, a case from the United States Supreme Court, Eleventh Circuit Court of Appeals, or the Florida Supreme

Court, which would have given notice to Defendant Lawrie that he would be violating an inmate's constitutional rights by compelling Plaintiff to work on the damaged grill. "A judicial precedent with material identical facts is not essential for the law to be clearly established, but the preexisting law must make it obvious that the defendant's acts violated the plaintiff's rights in the specific set of circumstances at issue." Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010). In this case, the preexisting law does not make it obvious that Defendant Lawrie's acts violate Plaintiff's rights.

The closest case on point in this Circuit is Roberts v. Landrum, 2013 WL 6485308 (N.D. Fla. 2013), where the District Court found that a food services supervisor was deliberately indifferent for refusing to give safety gloves to an inmate who was required to wash pots in very hot water. That inmate suffered second-degree burns on his fingers. The District Court concluded that while Plaintiff had established a triable issue of fact as to deliberate indifference, the defendant was entitled to qualified immunity because the law was not clearly established at the time of the violation in 2010. The Court is faced with the same scenario in the present case: while there is a triable issue of fact as to deliberate indifference, the law was not clearly established to put Defendant Lawrie on notice that his actions violated Plaintiff's constitutional rights. Accordingly, Defendant Lawrie is entitled to qualified immunity and his summary judgment motion is due to be granted.

**4. Injunctive Relief**

To the extent Plaintiff seeks injunctive relief from the FDOC, which is not a party to this suit, such relief is unavailable.

## Conclusion

Defendant's motion for summary judgment (Doc. 39) is **GRANTED**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 7th day of February 2018.

*[signature]*

UNITED STATES DISTRICT JUDGE